IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TERESA ANN CHARLES, | : | Case No. 1:20-cv-152 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER DENYING MOTION FOR ATTORNEY FEES**

---

This action is before the Court upon Plaintiff Teresa Ann Charles's Motion for Attorney Fees (Doc. 17) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner opposes the motion on the ground that his position in this matter was substantially justified and therefore Plaintiff is not entitled to an award of attorney fees. Plaintiff filed a reply in response to the Commissioner's memorandum, making this matter ripe for review. For the reasons below, the Motion for Attorney Fees is **DENIED**.

**FACTS**

On February 24. 2020, Plaintiff brought this action for review of the Commissioner's denial of disability insurance benefits and supplemental security income benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act. On December 28, 2020, Magistrate Judge Stephanie K. Bowman entered a Report and

Recommendation ("R&R"), in which she concluded that the ALJ's finding of non-disability should be reversed because it was not supported by substantial evidence in the record as a whole.  Neither Plaintiff nor the Commissioner filed an objection to the R&R, which the Court adopted on February 5, 2021.  The Court's Order reversed the Commissioner's decision to deny benefits and remanded the matter under sentence four of 42 U.S.C. § 405(g) for further proceedings.  On February 26, 2021, Plaintiff brought the instant motion for an award of attorney's fees under the EAJA.

## LEGAL STANDARD

Under the EAJA, a prevailing party may obtain an award of attorney's fees in an action against the United States unless the Government makes a showing that its position in the underlying litigation "was substantially justified."  28 U.S.C. § 2412(d)(1)(A).  Section 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application and directs that the application include: (1) a showing that the applicant is a "prevailing party"; (2) a showing that the applicant is "eligible to receive an award"; and (3) a statement of "the amount sought, including an itemized statement from any attorney ... stating the actual time expended and the rate" charged. Section 2412(d)(1)(B)'s second sentence further requires the applicant to "allege that the position of the United States was not substantially justified."  The Government has the burden of showing, contrary to the applicant's allegation, that its position was substantially justified.  *Peck v. Comm'r of Soc. Sec.*, 165 Fed. Appx. 443, 446 (6th Cir. 2006).

"To satisfy that burden, the United States must show that its position was

2

'justified to a degree that could satisfy a reasonable person,' not merely that the government was 'undeserving of sanctions for frivolousness." *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565-66 (1988). This standard connotes "a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Noble v. Barnhart*, 230 F. App'x at 519 (quoting *Pierce*, 487 U.S. at 565). The Government's position "can be justified even though it is not correct ..., and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." *Pierce*, 487 at 566 n. 2. The mere fact that "the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

## ANALYSIS

Here, the Commissioner does not dispute that Plaintiff is a prevailing party, that her application contained the required factual assertions, or that her filing was timely. Rather, the Commissioner contends that he has shown his position in the underlying litigation was substantially justified. The Court agrees.

In this case, Plaintiff argued that the ALJ erred: (1) by failing to include certain mental RFC limitations offered by consulting psychologists; (2) by failing to give controlling weight to the opinions of her treating psychiatrist; (3) by improperly discounting her subjective complaints; and (4) by failing to include all relevant limitations in the hypothetical posed to the vocational expert. The Magistrate

Judge found Plaintiff's first argument warranted reversal of the Commissioner's decision and remanding the application for further consideration. (Doc. 14 at PageID# 2417.)

Regarding Plaintiff's treating psychiatrist, the Magistrate Judge found that, although a close decision, the ALJ's analysis satisfied the "good reasons" standard. (*Id.* at 2425.) The Magistrate Judge also observed, without deciding, that substantial evidence "may well exist both to support crediting Plaintiff's subjective reports and discrediting them." (*Id.* at PageID# 2429.) Plaintiff's second argument thus did not warrant reversal. There was also no reversible error in the treatment of Plaintiff's subjective complaints—her third argument—because it was a credibility decision reserved to the Commissioner. The vocational expert's testimony—the basis of Plaintiff's fourth argument—did not support the ALJ's decision because all of the relevant limitations were not included in the hypothetical posed to him. Thus, Plaintiff's fourth argument was premised on the same error as her first argument.

The Commissioner's position before this Court, that the ALJ's determination should be affirmed despite his failure to include all of the mental RFC limitations, was reasonable based on this Court's and Sixth Circuit precedent. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologists' opinions verbatim; nor is the ALJ required to adopt the state agency psychologists' limitations wholesale."); *Hall v. Comm'r of Soc. Sec.*, 2018 WL 3524467 at *4 (S.D. Ohio July 23, 2018) (affirming ALJ's decision even though he did not include medical source's

4

limitations in the RFC); *Francis v. Comm'r of Soc. Sec.*, No. 2:17-cv- 1022, 2018 WL 4442596 at *5 (S.D. Ohio Sept. 18, 2018) (same).  The Commissioner was not ultimately successful in his defense of the ALJ's position but it was, in the main, substantially justified in pursuing that defense.

In her reply, Plaintiff directs the Court's attention away from the Commissioner's position before this Court and toward the ALJ's consideration of Plaintiff's application for benefits.  The ALJ's decision, however, was reversed only due to her failure to include all the appropriate mental RFC limitations in her analysis.  And, that error did not warrant a reversal for payment of benefits, but for reconsideration in light of those limitations.  In sum, even considering the ALJ's consideration of the application, the Commissioner's handling of the case has been substantially justified.

## CONCLUSION

For the reasons above, the Motion for Attorney Fees (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

5